VICKSBURG, SHREVEPORT & PACIFIC RAILWAY COMPANY *v.*
THOMAS B. BARMORE.

[39 South. Rep., 1013.]

CONTRIBUTORY NEGLIGENCE.    *Willful wrong.    Master and servant.*

The contributory negligence of the plaintiff is not a defense to injuries inflicted by the gross negligence and wantonness of defendant's servant, acting within the scope of his employment.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Barmore, the appellee, was plaintiff in the court below; the railway company was defendant there.    From a judgment in plaintiff's favor defendant appealed to the supreme court.

The case was once before in the supreme court, and is reported —*Barmore* v. *Vicksburg, etc., Ry. Co.,* 85 Miss., 426 (s.c., 38 South. Rep., 210).

The facts were these: One Watson, an employe of the railway company, was furnished by his employer with a railway tricycle with which to perform certain duties. It was much controverted on the first trial of the case, and upon the first appeal before the supreme court, whether or not Watson on the occasion in question was acting within the scope of his employment, but it was decided by the supreme court, when the case was first before it, that he was so acting. As he was driving or riding his tricycle along appellant's railroad track, in the state of Louisiana, he passed upon a trestle, some sixteen hundred feet long, under which there was much water, and over which the plaintiff, Barmore, was passing on foot. Watson drove the tricycle violently and recklessly, according to the plaintiff's evidence and as found by the jury, against and upon and over the plaintiff, knocking him down on the trestle. It was shown in evidence that Watson said, after the incident, that he saw Barmore before striking him, thought he was a "damned coon," and tried to make him jump into the water. Barmore was seriously hurt.

*McWillie & Thompson,* for appellant.

It is a hardship on the master to be held liable, and especially for punitive damages, because of the willful and wanton conduct of an unfaithful servant. Originally such liability was not recognized. Our fathers thought there was no liability of the master if the guilty servant was actuated by his own malice. We do not complain of the departure from the old rule. When, under the new rule imposing liability on the master for injuries inflicted by the malice of a servant, the defense of contributory negligence on the part of the injured party is taken away because of that malice, the proceeding in its consequences on the master is analogous to that which the devotees of Old Sledge denom-

inate "cross lifting." It is the combination of the two ideas of which we complain. The law has been modernized to the full extent compatible with justice when the master is held liable for the malicious tort of his unfaithful servant. If that same malicious tort be made to do service not only in creating a cause of action against the master, but also in destroying the defense of contributory negligence on the part of the injured party, a great injustice will be done.

We propound the proposition that if Watson willfully ran the tricycle towards Barmore with intent to strike him, and if Barmore, seeing what was being done, could easily have stepped to one side (and it is apparent that he could have done so) and thereby saved himself from harm, the railway company is not liable. If the suit were against Watson, there might be a shadow of reason for saying that contributory negligence shall be no defense, but there is none when the suit is against the master.

In this case Barmore was guilty of more than mere contributory negligence. A jury would have been justified in finding that he was guilty of gross negligence and willfulness. Gross negligence and willfulness on the part of the defendant under some circumstances might excuse a plaintiff's mere contributory negligence, but can never excuse a plaintiff from his own gross negligence and willfulness. If a plaintiff's negligence excuses the defendant's negligence, surely a plaintiff's gross negligence and willfulness ought to excuse the defendant's gross negligence and willfulness.

The question should have been submitted to the jury to find whether Barmore's negligence was not gross and willful. The three instructions asked by appellant and refused by the court below should have been given, and the first and second instructions given for plaintiff are erroneous, because they took away from the jury the question whether Barmore was guilty of gross negligence and willfulness in not stepping to one side (as he could easily have done) and thus protected himself.

*McLaurin, Armistead & Brien,* for appellee.

Counsel for appellant say that because they proved there was a sufficient space for a man to stand on the trestle so that the tricycle might have passed him, by cool, calm, and deliberate arrangement of himself, Barmore was required to have done this, notwithstanding Watson's wanton and willful effort to strike him with the tricycle, and if Barmore failed to do this, he was guilty of gross negligence, which would have excused the gross negligence of Watson and thereby relieved appellant from any liability. This is nothing in the world but the announcement of the doctrine of comparative negligence, which is not the law in this state, and needs no further discussion.

The question of contributory negligence had no place in this case. The testimony of Barmore showed a wanton and willful injury inflicted upon him by the employe, Watson, while he stood with his hands raised, begging that the machine be stopped and not run against him; that Watson, in spite of the solicitation of the defendant, did strike him and knock him down on the trestle, inflicting serious and probably permanent injuries upon him. Appellant's unworthy servant denied this. The question stood at issue, then, whether or not Watson had wantonly injured the appellee. The jury found that he had done so. A question of contributory negligence cannot be drawn into facts like these.

On examination the court will find this case has been tried accurately, in the light of its former opinion, the very language of the court itself having been adopted as the theory upon which the appellee should recover.

TRULY, J., delivered the opinion of the court.

We adhere in every particular to the opinion of the court delivered in this case on the former appeal—*Barmore* v. *Vicksburg, etc., Ry. Co.,* 85 Miss., 426 (38 South. Rep., 210). It is sound both in principle and policy. So adhering, nothing remained for the trial court to determine upon practically the same

testimony, except the fact of the injury and the amount of damage inflicted upon the appellee.    The trial judge correctly interpreted the opinion of the court, and the instructions granted were in perfect harmony therewith.    The jury, being governed by the overwhelming preponderance of the evidence, found that appellee was injured by the gross negligence of an employe of appellant, who, knowing appellee's perilous situation, wantonly ran the tricycle against him and caused the injury complained of.    This being true, contributory negligence would constitute no defense. So expressly decided on former appeal—see last clause of opinion.    But, aside from this, the record contains no evidence on which to predicate the defense of contributory negligence.

*We find no error of law, and the judgment is affirmed.*